UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMIL MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV501 CDP |
| ) | |
| BUCK'S INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Samil Mohammed, a Missouri citizen, filed a two-count complaint in Missouri state court. Count I is a breach of contract claim against Buck's Inc., a Nebraska corporation. Count II is a breach of fiduciary duty claim against Pedram Ommati, a Missouri citizen. Buck's removed the case to this court on diversity grounds. Buck's argues that Ommati, a non-diverse defendant, is fraudulently joined and should be disregarded for purposes of determining diversity jurisdiction. I conclude that Mohammed has stated a colorable claim against Ommati. Since the properly joined and served parties are not diverse, this court lacks diversity jurisdiction. I will therefore remand this case to Missouri state court.

## Background

Buck's is a Nebraska corporation that sells motor fuel. According to the plaintiff's state court petition, Buck's entered into a dealer lease and supply agreement with David Radigan and Ibrahim Al-Haidery in May 2006. Approximately a month and a half later, Radigan sold his interest in the lease to Mohammed, the plaintiff. Around that same time, Al-Haidery and Muhammed also hired Pedram Ommati to "manage and assist in the operation of the motor fuel sales facility."

In April 2007, Buck's terminated its lease with the plaintiff. Also at that time, Ommati ceased to work for the plaintiff, and instead agreed to work directly for Buck's. Based on these facts, Mohammed asserts two claims: one a breach of contract action against Buck's; the other a breach of fiduciary duty claim against Ommati.

Defendant Buck's removed the case to this court, arguing that the non-diverse defendant Ommati was fraudulently joined. Mohammad opposes removal, but asks only that the count against Ommati be remanded to state court. Mohammad either does not object to his claim against Buck's being tried in federal court, or believes he has no grounds on which to oppose removal of that claim.

Additionally, Buck's has filed a motion to dismiss this case entirely for failure to join a necessary and indispensable party under Fed. R. Civ. P. 19. Specifically, Buck's claims that David Radigan is a necessary defendant in this case. Because Radigan resides outside the United States and his whereabouts are unknown, Buck's argues that Radigan cannot be joined and this case is unable to proceed. Therefore, Buck's asks that this case be dismissed for lack of a necessary party.

## Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A party seeking to remove a case to federal court has the burden of establishing federal subject-matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Buck's removed this case to federal court on diversity grounds under 28 U.S.C. § 1441. In order for this court to have diversity jurisdiction over this case, every "properly joined and served" defendant must be diverse from the plaintiff Mohammad. Both Mohammad and defendant Ommati are residents of St. Louis and citizens of Missouri. Buck's argues, however, that Ommati is not a "properly

joined" defendant because the breach of fiduciary duty claim asserted against Ommati is fraudulent. Therefore, according to Buck's, Ommati's citizenship should be disregarded for purposes of determining diversity jurisdiction.

Under the doctrine of "fraudulent joinder," a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal. *Commercial Sav. Bank v. Commercial Fed. Bank*, 939 F. Supp. 674, 680 (N.D. Iowa 1996). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citations omitted). Put another way, "if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in the original) (citations omitted). The standard for determining fraudulent joinder is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). A proper review gives "paramount consideration to the reasonableness of the basis underlying the state claim." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

Mohammad's petition asserts a claim for breach of fiduciary duty against Ommati. Mohammad alleges that Ommati was his agent, and thus owed a duty to Mohammad. Mohammad further alleges that Ommati breached that duty when he began working as an agent for Buck's. Under Missouri law, an agent is a fiduciary with respect to matters within the scope of his agency. *State ex rel. Buntin v. Koehr*, 865 S.W.2d 351, 353 (Mo. 1993). Mohammad's petition adequately alleges an agency relationship and a breach of the fiduciary duty owed. This is a "colorable" claim that "might" impose liability on Ommati. Therefore, joinder of Ommati as a defendant in this action is not fraudulent.

In his motion to remand, Mohammad asks only that his claim against Ommati be remanded to state court. Mohammad seems to suggest that the two counts in his petition should be severed, with this court retaining jurisdiction over the first count, while sending the second count to state court. Mohammad's petition makes clear that his claims against Buck's and Ommati are related and arise out of the same nucleus of operative facts. They are properly joined; severing them and trying them in separate courts would not make any sense. I will remand the entire case to Missouri state court because the parties are not diverse and this court lacks subject-matter jurisdiction over the case.

Because I am remanding this case to state court for lack of jurisdiction, I will not consider Buck's motion to dismiss for failure to join a necessary and indispensable party. That motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#8] to remand is GRANTED, and this case is remanded to Missouri Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that defendant's motion [#5] to dismiss is DENIED AS MOOT.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2008.